[Criminal No. 906. Filed April 7, 1941.]

[111 Pac. (2d) 1068.]

THE STATE OF ARIZONA, Plaintiff, v. H. F. ED-WARDS, Defendant.

Mr. Richard F. Harless, County Attorney, and Mr. Darrell R. Parker, Deputy County Attorney, for Plaintiff.

Messrs. Dykes & Selden, for Defendant.

ROSS, J.—This matter comes here under the provisions of section 44–2401, Arizona Code 1939, which reads:

*"When case to be certified to the appellate court.—* If upon a motion to quash an indictment or information or any count thereof or if after verdict or finding of guilty but before sentence any question of law shall arise which in the opinion of the trial court is so important and doubtful as to require the decision of the appellate court, the trial court may, if the defendant consents, certify the case to the appellate court so far as may be necessary to present the question of law arising therein, and thereupon all proceedings in the cause shall be stayed to await the decision of the appellate court."

The case was commenced in the Justice Court of West Phoenix Precinct, Maricopa County, by the filing of a complaint as provided in section 44–3202, Id. Although it is not shown how it reached the superior court, we suppose it was by appeal as provided by the statute. Secs. 44–2601 to 44–2604, Id.

Section 44–2401, *supra,* authorizes the certification of a case to this court only when it originates in the superior court upon indictment or information. It does not permit or authorize the certification of a case to the Supreme Court prosecuted by complaint in a justice court. The jurisdiction of this court is not ex-

tended to cases originating in justice court, or cases appealed therefrom to the superior court.

The matter must be dismissed.

LOCKWOOD, C. J., and McALISTER, J., concur.